UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------x
CONTAINER LEASING INTERNATIONAL, LLC       :
d/b/a CARLISLE LEASING                     :   3:03 CV 101(AWT)
INTERNATIONAL, LLC,                        :
                                           :   October 26, 2004
                    Plaintiff,             :
                                           :
        -against-                          :
                                           :
NAVICON, S.A., AND TRANSPORTES             :
FERROVIARIOS ESPECIALES, S.A.,             :
                                           :
                    Defendants.            :
-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF TRANSPORTES FERROVIARIOS ESPECIALES S.A.'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. CIV. P. 26(C)(1)

### PRELIMINARY STATEMENT

Defendant Transportes Ferroviarios Especiales S.A. ("Transfesa"), by its attorneys, Holland & Knight LLP, submits this memorandum of law in support of its motion for a protective order pursuant to Fed. R. Civ. P. Rule 26(c)(1). Defendant moves this court to grant a protective order to stay all discovery pending a ruling on Transfesa's motion to dismiss the complaint for lack of personal jurisdiction.

### BACKGROUND

Transfesa's main and reply memoranda in support of its motion to dismiss the complaint, along with the affidavits and pleadings filed in this action set forth a detailed description of the relevant jurisdictional facts, and are incorporated herein by reference.[1] The Complaint of

---

[1] Transfesa's memorandum in support of its motion to dismiss hereinafter referred to as "Main Memo at p. __." Transfesa's reply memorandum in further support of the motion to dismiss hereinafter referred to as "Reply Memo. at p. __."

Plaintiff Container Leasing International, LLC d/b/a Carlisle Leasing International, LLC ("Carlisle") against defendant Transfesa in this action is based solely on allegations of "alter-ego" jurisdiction. Plaintiff also alleges contract claims against Defendant Navicon, S.A. ("Navicon"), an independent company in which Transfesa held a minority investment interest. (See Main Memo at p. 5-6).

Transfesa is a non-resident defendant with no contacts whatsoever with the State of Connecticut. (Main Memo at p. 4-6). Plaintiff seeks to obtain jurisdiction over Transfesa by alleging that Transfesa was the "alter-ego" of Navicon, and as a result, should be responsible for Navicon's contractual obligations.

Transfesa filed its motion to dismiss the complaint because Plaintiff's allegations, even if true, do not meet the threshold requirements to pierce the corporate veil for the exercise of jurisdiction over Transfesa, a non-resident corporation. In addition, there is no independent basis for personal jurisdiction over Transfesa, which does not maintain an office in the State of Connecticut, is not licensed to transact business in Connecticut, and does not own any interest in Connecticut. (See Main Memo. at p. 5).

On September 14, 2004, Plaintiff served jurisdictional document demands upon Transfesa.[2] Transfesa requested Plaintiff to defer jurisdictional discovery as it considered the issue of jurisdictional discovery to be *sub judice* as part of Transfesa's pending motion to dismiss the complaint for lack of personal jurisdiction. Plaintiff declined to defer or withdraw the

---

[2] A copy of the "First Jurisdictional Document Demands from Plaintiff to Defendant Transportes Ferroviarios Especiales, S.A." is attached to the Affidavit of Vincent J. Foley dated October 22, 2004 ("Foley Aff. at __") as Ex. 1. Although entitled "Jurisdictional Document Demands", Plaintiff's requests include substantive discovery issues clearly outside the scope of jurisdictional discovery. If this motion is not granted, Transfesa requests that the Court strictly limit the scope of any discovery to jurisdictional issues.

discovery demands. (Foley Aff. ¶ 3). As a result, Transfesa respectfully requests this Court to order that discovery be stayed until a ruling on the motion to dismiss has been issued.

## LEGAL ARGUMENT

Fed. R. Civ. P. Rule 26(c) provides that a district court, upon motion of a party from whom discovery is sought "for good cause shown…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had." In its main and reply memoranda, Transfesa has fully briefed the issue of jurisdictional discovery over a foreign non-resident corporation. (Main Memo at p. 7; Reply Memo at p. 2-3). The Court of Appeals for the Second Circuit has refused to permit jurisdictional discovery to plaintiffs who cannot establish a *prima facie* case for personal jurisdiction over a non-resident defendant. Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2d Cir.1998); Sodepac, S.A. v. CHOYANG PARK IN REM, 2002 WL 31296341 (S.D.N.Y. 2002). In Jazini, the Second Circuit confirmed the practice of federal courts with respect to jurisdictional discovery over foreign corporations:

> If [Plaintiff's] allegations were sufficient to establish a prima facie case of jurisdiction over [Defendant], and thus subject the latter to discovery – which the [Plaintiff] stated at the district court hearing would be rather extensive – it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts of New York, to make similar conclusory non-fact – specific jurisdictional allegations and thus obtain extensive discovery on that issue. <u>This would require the federal courts to conduct substantial jurisdictional discovery over foreign corporations – a practice in which they have not hitherto engaged.</u> We decline to require that step.

Id. at 185 (emphasis added). For the reasons discussed in the Main and Reply Memoranda in Support of Transfesa's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, Plaintiff has failed to make the showing required by Jazini. Therefore, Transfesa

respectfully requests a protective order to stay discovery until such time as the Court has issued its ruling on the pending motion to dismiss the Complaint.

In a recent ruling directly on point, a defendant's motion for a protective order was <u>granted</u> pending a ruling from the district court on a motion to dismiss for lack of personal jurisdiction. <u>Estate of Luis A. Nunez-Polance a/k/a Luis A. Nunez, by Michael Shapiro, Administrator v. Bosch Toyota, Inc. et. al</u>, Civ. No. 3:03 CV 2251 (WWE), slip op. at p. 1 (D. Conn. July 21, 2004)[3] (<u>citing</u> <u>Jazini</u> 148 F.3d at 186). In that wrongful death case, the plaintiff, a resident of New York, filed a complaint against a Massachusetts corporation, which on its face was insufficient to allege jurisdiction under Connecticut's long-arm statute, Gen Stat. Sect. 33-411 (c). Because both plaintiff and defendant were non-residents, the court held there was sufficient basis for the district court to grant the pending motion to dismiss for lack of personal jurisdiction, and issued a protective order staying discovery. <u>Id</u>.

## CONCLUSION

As the issue of jurisdictional discovery has been fully briefed and submitted as part of Transfesa's pending motion to dismiss the complaint for lack of personal jurisdiction, Transfesa respectfully requests the Court to issue a protective order staying all discovery. Plaintiff has failed to allege facts which would support either direct or "alter ego" personal jurisdiction over Transfesa. If this motion is not granted, Transfesa respectfully requests the Court to strictly limit

---

[3] A copy of this decision is annexed to the Foley Aff., Ex. 2.

discovery to jurisdictional issues, and to grant sufficient time, at least sixty days[4], to respond to any jurisdictional discovery permitted by this Court.

Date:  New York, New York
       October 26, 2004

                                                                 _____
                                                                 Vincent J. Foley
                                                                 Federal Bar No.  ct 17500
                                                                 HOLLAND & KNIGHT LLP
                                                                 195 Broadway
                                                                 New York, NY  10007
                                                                 Tel. (212) 513-3357
                                                                 Fax. (212) 385-9010
                                                                 vfoley@hklaw.com

---

[4] Transfesa respectfully requests additional time needed to corrrespond overseas with offices in Madrid, Spain and for translation of pleadings and other documents.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion for a Protective Order with supporting Memorandum of Law and Affidavit were mailed on this date to the following:

Manuel Llorca (ML 4034)
Bar No. ct 07921
Manuel Molina (MM 1017)
Bar No. ct 22142
SKOUFALOS, LLORCA & ZICCARDI
Clearwater House
2187 Atlantic Street
Stamford, CT 06902

Attorneys for Plaintiff
Container Leasing International LLC
d/b/a/ CARLISLE LEASING INTERNATIONAL LLC

Madeleine Grossman
Federal Bar No. ct 05987
Levett Rockwood P.C.
33 Riverside Avenue, Westport, CT 06880
Tel: (203) 222-0885  Fax: (203) 226-8025
Designated Counsel within the District of Connecticut
for Holland & Knight LLP

Joseph W. Martini, Esq.
Pepe & Hazard LLP
30 Jelliff lane
Southport, Connecticut 06890-1436
Tel. 203 319 4000
Fax : 203 259 0251
    -and-

Alan Heblack
Snitow, Kanfer Holtzer & Millus, LLP
575 Lexington Avenue
New York, NY 10022-6102
Attorneys for Navicon, S.A.

Date: October 26, 2004

_Linda M. Wilkens_
_Linda M. Wilkens_

# 2350283_v1