UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------x
CONTAINER LEASING INTERNATIONAL, LLC
d/b/a CARLISLE LEASING INTERNATIONAL, LLC,     3:03 CV 101 (AWT)

               Plaintiff,

  - against -

NAVICON, S.A., and TRANSPORTES
FERROVIARIOS ESPECIALES, S.A.,
                                                      September 14, 2004
               Defendants.
-----------------------------------------------------------------x

## FIRST JURISDICTIONAL DOCUMENT DEMANDS FROM PLAINTIFF TO DEFENDANT TRANSPORTES FERROVIARIOS ESPECIALES, S.A.

PLEASE TAKE NOTICE that Plaintiff CONTAINER LEASING INTERNATIONAL, LLC d/b/a CARLISLE LEASING INTERNATIONAL, LLC, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, hereby demand that Defendant, TRANSPORTES FERROVIARIOS ESPECIALES, S.A., within thirty (30) days of receipt of these requests, produce copies of each of the following requested documents and materials, and deliver same to defendants at the offices of Skoufalos, Llorca & Ziccardi, LLP, at Clearwater House, 2187 Atlantic Street, Stamford, Connecticut 06902.

The following requests are to be answered in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court and the Definitions and Instructions set forth below.



## I. DEFINITIONS

The following definitions shall apply herein:

A. The term "communications" as used herein refers to any letter, telegram, telex, e-mail, telefax, notice, message, memorandum or other written communication or transcription or notes of communication.

B. The term "Carlisle" as used herein refers to the Plaintiff, CONTAINER LEASING INTERNATIONAL, LLC d/b/a CARLISLE LEASING INTERNATIONAL, LLC, its related companies, its employees, agents, representatives, attorneys and/or any other person or entity retained by plaintiff or acting on its behalf.

C. The term "Transfesa" as used herein refers to Defendant, TRANSPORTES FERROVIARIOS ESPECIALES, S.A., its employees, agents, representatives, attorneys and/or any other person or entity retained by it or acting on its behalf.

D. The term "Navicón" as used herein refers to Defendant, NAVICON, S.A., its employees, agents, representatives, attorneys and/or any other person or entity retained by it or acting on its behalf.

E. The term "Agreements" as used herein refers to the container leasing agreement and subsequent addenda entered into between Carlisle and Navicón from March 3, 1997 to October 22, 1999, which are the subject of the Complaint herein.

F. The term "Containers" as used herein refers to certain specialized refrigerated containers owned by Carlisle and which were leased by Carlisle to Navicón pursuant to the terms and conditions of the Agreements.

G. The term "document" means the original and any copy of any typed, printed, recorded, microfilmed, microfiched, photographed or other matter reproduced by any mechanical,

computerized or electronic process, or any matter written or produced by hand, including, but not limited to: agreements, contracts, communications, including inter-company and intra-company communications, correspondence, telegrams, telefaxes, telexes, electronic mail (e-mail), memoranda, bulletins, agenda, books, summaries, records of personal or telephone conversations or interviews, diaries, calendars, graphs, charts, accounts, budgets, bank records, bank statements, instructions, account statements, accounting records, bills of lading, invoices, insurance certificates, tax records or declarations, surveys, reports, minutes of meetings or conferences, reports or summaries of interviews or investigations, contracts, notes, drafts, working papers, ledgers, check authorization requests, checks (front and back), check stubs, wire transfers, receipts, slides, photographs, transparencies, computer files, hard drives, zip drives, CD-ROMs, computer diskettes, back-up files, computer programs, computer printouts, brochures, press releases, advertisements, valuations, or projections.

H. The term "Concerning" means regarding, relating to, referring to, describing, reflecting, recording, evidencing, memorializing, mentioning or constituting, directly or indirectly.

## II. INSTRUCTIONS

A. Unless otherwise expressly provided, the time period covered by these document requests is from January 1, 1996 until the present, and shall include all documents which were authored during or relate to such period even though prepared or published prior to that period.

B. You are requested to produce all documents that are in the possession, custody or control of you or any of your related or affiliated companies, representatives or agents, or reasonably obtainable from other sources. You should produce all documents regardless of whether another party is producing the same document.

C. Each request for production of a document or documents or other information to be produced requires the production of the document or information in its entirety, without redaction, expurgation or editing.

D. If you claim that the attorney-client or work product privilege or another recognized privilege applies to any document or portion thereof sought by this request, please furnish a list identifying each document for which such privilege claims are asserted, and as to each such document, include the following information:

1) the type of document (*e.g.*, letter, memorandum, etc.);

2) the general subject matter of the document;

3) the date or approximate date of the document;

4) each and every person who prepared, signed or participated in the preparation of the document;

5) each and every person who received a copy of the document;

6) the job title(s) or position(s) of the author's and any recipient(s);

7) a list of all attachments or enclosures to the document; and

8) the nature and privilege asserted and any statutes or rules which you contend support your assertion of the privilege.

E. If any document(s) requested was at one time in existence but is no longer in existence, please supply a list identifying each such document and specifying in detail for each document; the generic category of such document (e.g., memorandum, letter, computer printout, etc.), the type(s) of information contained therein, the date upon which it ceased to exist, the circumstances under which it ceased to exist, and the identity of any and all person(s) having knowledge or who had knowledge of the contents thereof.

F. All documents produced pursuant to this request shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with categories in the request. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If the container cannot be produced, produce copies of all labels or other identifying marks. Any computer program or computer data that is responsive to the requests herein shall be produced on a computer diskette with a label indicating to which particular request(s) it corresponds.

G. Any document bearing on any sheet or side thereof, any marks or marginalia, such as initials, receipt stamps, or any other comment that was not part of the original text, is to be considered a separate document for the purposes of this request.

### III. DOCUMENT REQUESTS

1. All organizational charts and other documents reflecting the organizational structure of Transfesa, including documents showing the lines of authority between Transfesa and its parents, subsidiaries, affiliates, divisions, unincorporated associations and financial companies.

2. List of all Directors, Officers and Shareholders of Transfesa.

3. List of all Directors, Officers and Shareholders of Navicón.

4. List of all common Directors, Officers and Shareholders of Navicón and Transfesa.

5. All minutes of all Transfesa Board meetings.

6. All minutes of all Navicón Board meetings.

7. All notes, internal memoranda and documentation concerning the negotiation and formation of the Agreements.

8. All notes, internal memoranda and documentation concerning payments by Transfesa to Carlisle concerning monies due and owing by Navicón to Carlisle under the Agreements.

9. All notes, internal memoranda and documentation concerning Navicón's filing for suspension of payments or insolvency in Spain.

10. All notes, internal memoranda and documentation concerning the return of the Containers to Carlisle.

11. All notes, internal memoranda and documentation concerning Transfesa's proposal to finance the acquisition of the Containers leased to Navicón by Carlisle or assume Navicón's obligations under the Agreements.

12. All notes, internal memoranda and documentation concerning Transfesa's financing or guaranteeing debts of Navicón to ensure that Navicón continue its business operations.

13. All documents exchanged between Transfesa and Navicón concerning: (a) the negotiation and formation of the Agreements; (b) the payments by Transfesa to Carlisle concerning monies due and owing by Navicón under the Agreements; (c) Navicón's filing for suspension of payments or insolvency in Spain; (d) the return of the Containers to Carlisle; and (e) Transfesa's proposal to finance the acquisition of the Containers leased to Navicón by Carlisle or assume Navicón's obligations under the Agreements.

14. The sales option agreement between Transfesa and Transmediterránea, S.A. concerning both companies' shareholding interests in Navicón.

15. All documents concerning Transfesa's injection of funds into Navicón to permit Navicón to continue its business operations, which documentation includes but it is not limited to

6

payment of salaries for Navicón's employees as well as those of the crew manning the vessels owned by Navicón at the time the Agreements were executed; payment of fees charged by the stevedores for loading and discharging the Containers in the ports where the vessels performed their trade; and any other payment concerning the Containers.

16. All payments received by Transfesa from Navicón pursuant to the leases between Transfesa and Navicón, copies of which were attached as Exhibits 1 and 2 of the Declaration of José González, dated April 10, 2003, in support of Transfesa's motion to dismiss Carlisle's complaint.

17. All documents concerning any intercorporate loan transactions between Transfesa and Navicón.

18. All contracts between Transfesa and Navicón.

19. All documents concerning the financing provided in connection with, and mortgages held by Transfesa concerning, the vessels owned by Navicón or Navicón subsidiaries at the time the Agreements were executed.

20. All guarantees provided by Transfesa for the benefit of Navicón.

21. All agreements between Transfesa and third parties for the purposes of obtaining loans or extending credit to Navicón.

22. All documents concerning any common financial economic policy or plan or marketing policy between Transfesa and Navicón.

23. All documents concerning business plans, including but not limited to, projections and expenditures which were prepared by Transfesa and communicated to Navicón.

24. All insurance policies purchased by Transfesa which provide coverage for Navicón.

25. All financial statements prepared by or on behalf of Transfesa including but not limited to, audited or unaudited statements.

26. All documents, public statements or news releases concerning any Transfesa business in the State of Connecticut.

27. All documents, public statements or news releases concerning any Transfesa business in the United States.

28. All pleadings filed by or on behalf of Transfesa in any federal or state court in (a) the State of Connecticut; and (b) the United States.

29. All documents filed with the U.S. Securities and Exchange Commission by or on behalf of Transfesa.

30. All documents sufficient to identify an interest of Transfesa in liens, titles, judgments or other interest in property (personal or real) located in the State of Connecticut or the United States.

31. All contracts existing between Transfesa and Harbour S.A., including but not limited to ship mortgages concerning and/or chartering of and/or leasing of the vessels owned by Navicón.

32. All payments made by Transfesa to Harbour S.A. concerning the vessels owned by Navicón.

33. All documents concerning any business transacted by Transfesa in the United States.

34. All notes, internal memoranda and documentation concerning any meeting attended by Transfesa with Navicón concerning the Agreements or the Containers leased to Navicón by Carlisle.

35. All notes, internal memoranda and documentation concerning any meeting attended by Transfesa with Carlisle concerning the Agreements or the Containers leased to Navicón by Carlisle.

Dated:   Stamford, Connecticut
         September 14, 2004

SKOUFALOS, LLORCA & ZICCARDI, LLP

By: *Manuel R. Llorca*
Manuel R. Llorca, Esq., CT 07921
Manuel A. Molina, Esq. CT 22142
Clearwater House
2187 Atlantic Street
Stamford, Connecticut 06902
Tel. No: (203) 325-9010
Attorneys for Plaintiff
CONTAINER LEASING INTERNATIONAL, LLC
d/b/a CARLISLE LEASING INTERNATIONAL, LLC