UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF LUIS A. NUNEZ-POLANCO A/K/A LUIS A. NUNEZ, BY MICHAEL SHAPIRO, ADMINISTRATOR, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : CIV. NO. 3:03cv2251 (WWE) <br> : <br> : |
| BOCH TOYOTA, Inc. et al., | : <br> : |
| Defendants. | : |

RULING on MOTION FOR PROTECTIVE ORDER

I. Introduction

    Defendant Boch Toyota and its employee Michael Humphrey move for a protective order [doc # 19] to preclude the deposition of Mr. Humphrey and to stay all discovery pending a ruling on defendants' motion to dismiss for lack of personal jurisdiction. For the reasons that follow, defendants' motion for protective order [**doc # 19**] is **GRANTED**. Accordingly, all discovery is stayed until the court has ruled on the motion to dismiss.

II. BACKGROUND

1

This is a wrongful death case filed by the estate of Luis A. Nunez-Polanco against Boch Toyota and several other defendants.[1] The case was originally filed in New London Superior Court and was removed to this Court on December 24, 2003, under this court's diversity jurisdiction. The complaint alleges that Boch Toyota leased a vehicle to defendant Carl Housen, who then re-leased it to defendant Victor Gomez. (Compl. Second Count ¶ 6.) Mr. Gomez was allegedly driving the vehicle on I-95 near New Haven, Connecticut, when it collided with the barrier and overturned, fatally injuring Mr. Nunez. (Compl. First Count ¶¶ 4,5.) Plaintiff claims that Boch Toyota is liable for Mr. Nunez's death pursuant to Conn. Gen. Stat. § 14-154a.[2]

Mr. Nunez, the plaintiff, is a resident of New York. (Compl. First Count ¶¶ 4.) Boch Toyota is a Massachusetts corporation with its principal place of business in Massachusetts. (Compl. First Count ¶ 2.) Michael Humphrey is a resident of Massachusetts and is being sued for his activities

---

[1] The other defendants have not yet filed appearances in the matter.

[2] Conn. Gen. Stat. 14-154a provides, in pertinent part: Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.

2

on behalf of Boch Toyota. (Compl. First Count ¶ 4.)

III.     DISCUSSION

Personal jurisdiction over an out-of-state defendant in a diversity case depends first upon whether the federal district Court has jurisdiction under the forum state's long-arm statute. Pomazi v. Health Indus. of Am., 869 F. Supp. 102, 104 (D. Conn. 1994); see Air Kaman, Inc. v. Penn-Aire Aviation, Inc., 542 F. Supp. 2, 3 (D. Conn. 1981). However, "the Connecticut long-arm statutes do not confer jurisdiction over actions committed by a nonresident party against another nonresident." Id. (citing Conn. Gen. Stat. § 33-411(c), § 52-59b(a)).[3] As plaintiff is a

---

[3] Conn. Gen. Stat. § 33-411(c) provides in pertinent part: Every foreign corporation shall be subject to suit in this state, by a resident of this state. . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; . . . or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. 52-59b(a) provides, in pertinent part: As to a cause of action arising from any of the acts

3

resident of New York, and the defendant is incorporated in Massachusetts, and has principal place of business in Massachusetts, we believe that, under Pomazi, the district court would be able to grant plaintiff's motion to dismiss for lack of personal jurisdiction on these grounds, and that this is sufficient basis upon which to deny any discovery.

Plaintiff argues, however, that he should be permitted discovery to show that Boch Toyota has sufficient contacts with the state of Connecticut to support personal jurisdiction.[4] However, courts in this Circuit have held that

---

enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

[4]Plaintiff erroneously cites Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 576 (2d Cir. 1996) as

4

jurisdictional discovery is not appropriate when the plaintiff has not made a prima facie case for the exercise of personal jurisdiction. See Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2d Cir. 1998). While discovery on the question of personal jurisdiction may be appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make "a threshold showing that there is some basis for the assertion of jurisdiction." Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd., 770 F. Supp. 832, 838-839 (S.D.N.Y. 1991); Bangladesh Agricultural Development Corp. v. Transcontinental Imex, Inc., 1983 A.M.C. 1970 (S.D.N.Y. 1982)(citations omitted).

Under the circumstances in this case, even if the district court did not dismiss the case under the principle in Pomazi, the court finds that the plaintiffs have not made a threshold showing to support jurisdictional discovery.

Conn. Gen. Stat. § 14-1594(a), under which plaintiff brings this action, does not confer jurisdiction. Conn. Gen.

---

standing for the proposition that "discovery is appropriate before deciding a motion to dismiss for lack of personal jurisdiction, and that the district court will only be reversed for allowing such discovery if it abuses its discretion." (Pl.'s Mem. at 8.) In Metropolitan Life, the issue was whether the Court abused its discretion by limiting jurisdictional discovery to the years between 1987 and 1993, and not whether plaintiff had made a prima facie showing of jurisdiction.

Stat.   § 33-411(c) states that a suit may only be brought by a resident of the state. See supra note 3. Therefore, the only possible basis for jurisdiction would be under § 52-59b(a) which provides, in pertinent part:

> a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent: . . . (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Conn. Gen. Stat. § 52-59b(a).

Plaintiff has not alleged any set of facts showing Boch Toyota has contact with Connecticut sufficient to make a prima facie case for jurisdiction under § 52-59b(a). The complaint contains no allegations that Boch Toyota has any contacts with Connecticut. Plaintiff asserts in his opposition memorandum that there is a discrepancy between the color and license plates of the vehicle allegedly leased to Mr. Housen, and the vehicle at the scene of the accident. (Pl.'s Mem. at 5.) This

6

has no bearing on the issue of Boch Toyota's activities in Connecticut. Secondly, plaintiff asserts that there is evidence that a prior relationship between Mr. Housen and Mr. Humphrey may have existed that pre-dated the transaction at issue in this case. (Id. at 7.) At oral argument, plaintiff conceded that this is relevant to the question of whether Boch Toyota had knowledge of the transfer, and not to jurisdiction. Finally, plaintiff points to Boch Toyota's website, on which it allegedly proclaims itself the "2nd largest dealership in the world," and a sweepstakes on the website in which winners came from numerous states and Israel. (Id.) The court finds that these allegations are insufficient to establish a prima facie case for jurisdiction under § 52-59(b).

IV. CONCLUSION

Defendants' motion for protective order **[doc # 19]** is **GRANTED** and all discovery is stayed pending the court's ruling on plaintiff's motion to dismiss. The further grants defendants' request for an extension to file the 26(f) report until after the motion to dismiss is decided.

This is not a recommended ruling. This is a discovery ruling which is reviewable pursuant to the "clearly erroneous"

7

statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the
court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 21st day of July 2004.

                                                    _/s/_____
                                                    HOLLY B. FITZSIMMONS
                                                    UNITED STATES MAGISTRATE JUDGE