UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x
CONTAINER LEASING INTERNATIONAL, LLC
d/b/a CARLISLE LEASING INTERNATIONAL, LLC,    3:03 CV 101 (AWT)

       Plaintiff,

  - against -

NAVICON, S.A., and TRANSPORTES
FERROVIARIOS ESPECIALES, S.A.,

       Defendants.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW OF PLAINTIFF LEASING INTERNATIONAL, LLC d/b/a CARLISLE LEASING INTERNATIONAL, LLC IN OPPOSITION TO THE MOTION OF DEFENDANT TRANSPORTES ESPECIALES FERROVIARIOS, S.A. SEEKING A <u>PROTECTIVE ORDER STAYING ALL DISCOVERY</u>**

    SKOUFALOS, LLORCA & ZICCARDI, LLP
    Manuel R. Llorca, Esq.
    Manuel A. Molina, Esq.
    Clearwater House
    2187 Atlantic Street
    Stamford, Connecticut 06902
    Tel. No: (203) 325-9010

    Attorneys for Plaintiff
    CONTAINER LEASING INTERNATIONAL, LLC
     d/b/a CARLISLE LEASING INTERNATIONAL, LLC

Plaintiff, Container Leasing International, LLC d/b/a Carlisle Leasing International, LLC ("Carlisle" or "plaintiff"), through its attorneys Skoufalos, Llorca & Ziccardi, LLP, submits this memorandum of law in opposition to the motion of defendant Transportes Ferroviarios Especiales, S.A. ("Transfesa" or "defendant") seeking a protective order to stay all discovery pending a ruling on Transfesa's motion to dismiss the complaint for lack of jurisdiction.

## FACTS

Carlisle respectfully directs this Court's attention to the Statement of Facts contained in Carlisle's Memorandum of Law in Opposition to Transfesa's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, filed with the Clerk on June 15, 2003.

## ARGUMENT

### POINT I

**TRANSFESA'S PENDING MOTION TO DISMISS THE COMPLAINT IS AN INSUFFICIENT GROUND TO STAY THE JURISDICTIONAL DISCOVERY REQUESTED BY CARLISLE**

Defendant has moved to request a protective order permitting Transfesa to refrain from responding to Carlisle's jurisdictional discovery. Defendant's sole basis for such relief is that there is presently pending before this Court a motion brought by Transfesa to dismiss the complaint for lack of personal jurisdiction. Carlisle respectfully submits that Transfesa's argument is legally insufficient to warrant the relief it seeks.

A protective order under Rule 26(c) of the Federal Rules of Civil Procedure issues on good cause shown by the moving party and is established by demonstrating "a clearly defined and serious injury" resulting from disclosure. *Rubi v. Hirschfield*, No. 03-1657, 2001 U.S. Dist. LEXIS 25761, *3, (D.Conn. Dec. 10, 2001). While it is clear that Fed. R. Civ. P. 26(c) provides

authority for the Court to issue a stay pending resolution of dispositive motions, the issuance of a stay is not mandated by rule or decision. *Moss v. Hollis*, No. 90-177, 1990 U.S. Dist. LEXIS 13647 (D.Conn. June 27, 1990). As this Court has stated, "Rule 26(c), however, is not a blanket authorization for the court to prohibit disclosure whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Rubi v. Hirschfield*, No. 03-1657, 2001 U.S. Dist. LEXIS 25761, *2, (D.Conn. Dec. 10, 2001). Rule 26(c) implements the inherent power of courts "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Rule 26(c), like each of the Federal Rules of Civil Procedure, "is to be construed to secure the just, speedy, and inexpensive determination of every action." *Moss*, 1990 U.S. Dist. LEXIS 13647, *2.

Transfesa does not allege that Carlisle's jurisdictional discovery will cause Transfesa a clearly defined and serious injury if it were to respond to such requests, much less that Carlisle's jurisdictional discovery is meant to harass Transfesa and/or is an abuse of this Court's processes. In fact, Transfesa cannot make any such allegations, since Carlisle's jurisdictional discovery is narrowly and specifically tailored to flesh out the corporate relationship Transfesa maintains with its affiliate and co-defendant Navicón, S.A. ("Navicón").

To the contrary, because of the pending motions to dismiss interposed by Transfesa and Navicón, the only party sustaining injury is the plaintiff. Carlisle will be prejudiced if it is not able to proceed with the present action. As Carlisle alleges in its complaint, because of Transfesa's complete domination and control of Navicón's business affairs and decisions, in particular with respect to the container leasing arrangements at issue in this litigation, Carlisle

has sustained damages well in excess of $1.1 million dollars in outstanding container hires and damages due to defendants' conversion of Carlisle's containers as more fully set forth in the Complaint.

Thus, Transfesa's motion to dismiss for lack of personal jurisdiction, by itself and without any showing of a definable and serious injury to Transfesa emanating from the requested disclosure, is not legally sufficient good cause to stay the jurisdictional discovery sought by Carlisle. Accordingly, Transfesa's instant motion should be denied in all respects.

## POINT II

**JURISDICTIONAL DISCOVERY IS PERMISSIBLE HERE SINCE PLAINTIFF HAS MADE OUT A PRIMA FACIE SHOWING OF JURISDICTION IN THE COMPLAINT AS WELL AS IN THE AFFIDAVITS IN SUPPORT OF THAT PLEADING**

It is well-settled in this Circuit that, at this early stage in the litigation, so long as a plaintiff establishes a *prima facie* case for the exercise of personal jurisdiction over a defendant, jurisdictional discovery is appropriate. Transfesa's own legal authorities support this principle of law. *Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2nd Cir. 1998); and *Estate of Luis A. Nuñez-Polanco v. Boch Toyota, Inc.*, No. 03-2251, 2004 U.S. Dist. LEXIS 18411 (D.Conn. July 21, 2004). In *Boch Toyota*, this Court stated that: "While discovery on the question of personal jurisdiction may be appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make 'a threshold showing that there is some basis for the assertion of jurisdiction." 2004 U.S. Dist. LEXIS 18411, *5, *quoting Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.*, 770 F. Supp. 832, 838-839 (S.D.N.Y. 1991). Carlisle respectfully submits that its complaint as well as the additional facts and allegations asserted in the declarations, affidavits and documents Carlisle has submitted in opposition to Transfesa's motion to dismiss the complaint satisfy that requirement. Accordingly, Transfesa's motion should be denied in all respects and Transfesa should be compelled to respond to the jurisdictional discovery demands posed by Carlisle forthwith.

Carlisle has asserted the following factual allegations both in the Complaint and the declarations in opposition to Transfesa's motion:

- During the negotiations which led to the conclusion of the leases at issue here, Navicón led Carlisle to believe that its parent Transfesa would provide financial support for Navicón's obligations under those contracts. In fact, Navicón sent copies of Transfesa's

annual reports, rather than its own, to Carlisle. (Declaration of Søren Klinge, sworn to on June 12, 2003 ("Klinge Decl."), ¶5).

- Prior to the filing of Navicón's Suspension of Payments petition on March 31, 2001: (a) both companies shared the same Chairman of the Board in the person of Emilio Fernández Fernández; (b) shared (and still do) the same building complex space; (c) Transfesa admits it is Navicón's landlord; (d) Transfesa was the mortgagee for Navicón's only assets, the vessels NAVICÓN and NAVIPOR; and (e) Navicón was undercapitalized. (Klinge Decl.,¶¶6, 17; Declaration of Lisa Leach, sworn to on June 13, 2003 ("Leach Decl."), ¶23; Declaration of Bárbara Berrteaga sworn to on June 12, 2003 ("Berreteaga Decl."), ¶9-11).

- Before Navicón commenced its Suspension of Payments proceedings in Spain, Navicón's representatives admitted that Transfesa was: (a) injecting substantial amounts of money into Navicón; (b) paying the salaries for Navicón's employees as well as those of the crews manning the two vessels then owned by Navicón; and (c) paying the fees charged by the stevedores for loading and discharging Carlisle's containers in the ports where the vessel plied their trade. (Klinge Decl., ¶9)

- Transfesa, which is controlled by the Fernández family, controls Navicón. A day prior to the filing of the Navicón Suspension of Payments proceeding, Navicón raised its social capital by issuing 7,500 shares, all of which were purchased by Tampre, a company also controlled by Transfesa and the Fernández family. In addition, on the same date, Navicón's Board of Directors was dismissed and Navicón's stewardship passed from Emilio Fernández Fernández's hands to those of his brother, José Manuel Fernández Fernández. José Manuel Fernández Fernández thus became Navicón' sole administrator and representative. (Berreteaga Decl.,¶4-7)

- Following the filing of the Navicón insolvency petition, Transfesa has become the sole shareholder. Transmediterránea placed its shares into Court and successfully sued Transfesa to compel Transfesa to purchase back the shares. (Berreteaga Decl.,¶8).

- Transfesa admits that its financial assistance has permitted Navicón to continue running as a business concern. In its Annual Report 2001, a copy of which was placed into evidence by Transfesa in its moving papers, Transfesa admits that "Navicón S.A. continued to operate after declaring said suspension of payments under judicial intervention and with the financial support of the *Controlling Company*."[1]  (at p. 61)(Emphasis supplied).

---

[1] The Annual Report defines Transfesa as the "Controlling Company": "Transfesa, the Controlling Company, domiciled in Madrid, at c/ Musgo 1, together with the subsidiaries and companies controlled directly or indirectly thereby (dependent companies), from the Transfesa Group (hereinafter the Group)." (at p. 48).

5

- Since March 31, 2001, Transfesa's control and domination of Navicón has been absolute, most especially with regard to business decisions concerning Navicón's obligations under the Carlisle container leases. Evidence of this includes: (a) the letter Emilio Fernández Fernández, in his capacity as Transfesa's president, forwarded to Carlisle's Mr. Klinge in which Mr. Fernández Fernández states that Transfesa had "*instructed*" Navicón to negotiate the different alternatives with supplier." (This letter clearly shows that Navicón had no mind of its own and merely follows the instructions of its parent; at the very least, this constitutes a *prima facie* showing that the Transfesa is controlling the subsidiary's transactions with Carlisle; (b) Transfesa directly took over the negotiations of the lease arrangements with Carlisle, proposing either to directly assume Navicón's obligations thereunder (but with substantially lower container hires) or buy the containers outright at a ridiculously low purchase price; (c) Transfesa threatened Carlisle with miring the company in Navicón's insolvency proceeding, refusing to return the containers to Carlisle; and transferring Navicón's only assets, the vessels, out of Navicón into another Transfesa controlled company; (d) Transfesa foreclosed the mortgages on the two Navicón vessels and the vessels were subsequently sold to a company called Harbor, S.A, which is also controlled by Transfesa.

Carlisle respectfully submits that the foregoing facts demonstrate that it has more than shown a *prima facie* case of jurisdiction. *River Plate Corp. v. Forestal Land, Timber and Railway Co., Ltd.*, 185 F.Supp. 832 (S.D.N.Y. 1960). Indeed, courts have permitted jurisdictional discovery on weaker factual allegations than the ones being asserted here by Carlisle.

In *River Plate*, for example, the Court had to determine whether it should hold in abeyance jurisdictional depositions until the defendants' motions to dismiss for lack of personal jurisdiction were adjudicated. The only allegation asserted by the plaintiff was that the defendants had conducted prior activities in New York. Defendants contended that their arrangements with their distributors were deliberately structured so as to prevent a finding of jurisdiction in the United States for purposes of suit. Defendants further argued that plaintiff's allegation of past activities, by itself, was insufficient to sustain jurisdiction. For its part, plaintiff maintained that the depositions were necessary to show that the defendants' arrangements were purely formal and did not show the true corporate relationship among the defendants. The

6

District Court accepted the plaintiff's factual allegations, rejected defendants' arguments and ordered that depositions be taken before resolving the defendants' motions to dismiss, stating:

> However, the fact that there may have been prior activities sufficient to constitute presence in the jurisdiction is at least an indication that a motion to dismiss for lack of jurisdiction should not be determined on affidavits alone, but that plaintiff should be afforded an opportunity to explore the question of whether such activities have in fact continued . . . . It has been held error to dismiss for want of jurisdiction without affording plaintiff an opportunity to explore the facts. . . . Whether or not depositions should be permitted on such a motion as this is a matter of discretion . . . . In my view under the facts and circumstances in this case discretion should be exercised so as to give plaintiff an opportunity to take depositions as to jurisdictional facts. The decision of the motions made by the Ferostal defendants will he held in abeyance pending the taking of such depositions.

185 F. Supp. at 835 (citations omitted).

Here, Carlisle has developed a strong factual record that at the very least establishes a *prima facie* showing for the exercise of personal jurisdiction. At this preliminary juncture, Carlisle, like the plaintiff in *River Plate*, should be afforded an opportunity to explore the facts that will eventually assist Carlisle establish jurisdiction over Transfesa. This Court has stated that, when the factual record is not sufficiently developed to assist the Court in making a determination of whether or not the exercise of personal jurisdiction over a defendant is proper, a plaintiff is entitled to conduct jurisdictional discovery:

> Here the record is not sufficiently developed at this stage to discern whether and to what extent ISB LTEE is aware of ISB Products' distribution and marketing system. The court is therefore not prepared to hold, at this preliminary juncture, that Connecticut's Long-Arm Statute does not reach ISB LTEE. Put simply, the plaintiff's allegations, if proven, could sustain a finding that the defendant should have reasonably expected – by dint of its arrangement with ISB Products – that the ISB system would be distributed and used in the state of Connecticut. Accordingly, the court finds that the plaintiff has made a prima facie showing under Connecticut's Long-Arm Statute by pleading in good faith legally sufficient allegations of personal jurisdiction.

*Gomez v. ISB LTEE Ltd.*, No. 93-1719, 1994 U.S. Dist. LEXIS 3262, *10 (D.Conn. Feb. 18, 1994). *See also Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2nd Cir. 1985) (In reviewing a motion to dismiss for lack of *in personam* jurisdiction, a court must view all of the pleadings in the light most favorable to the plaintiff, resolving any doubts in plaintiff's favor). Accordingly, because Carlisle has made a *prima facie* showing of jurisdiction over Transfesa, Transfesa's instant motion should be denied and Carlisle should be permitted to conduct jurisdictional discovery.

## CONCLUSION

Based on the foregoing arguments and authorities, plaintiff, Container Leasing International, LLC d/b/a Carlisle Leasing International, LLC , respectfully requests that this Court deny defendant Transfesa's motion in all respects, order Transfesa to respond to Carlisle's jurisdictional discovery demands forthwith and award Carlisle the costs and attorneys' fees incurred in responding to this motion.

Dated:  New York, New York
        November 23, 2004

        Respectfully submitted,

        SKOUFALOS, LLORCA & ZICCARDI, LLP


      By: /s/     Manuel A. Molina
        Manuel R. Llorca, Esq., CT 07921
        Manuel A. Molina, Esq. CT 22142
        Clearwater House
        2187 Atlantic Street
        Stamford, Connecticut 06902
        Tel. No: (203) 325-9010


      Attorneys for Plaintiff
      CONTAINER LEASING INTERNATIONAL, LLC
      d/b/a CARLISLE LEASING INTERNATIONAL, LLC