UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------x
CONTAINER LEASING INTERNATIONAL, LLC  :
d/b/a CARLISLE LEASING                :     3:03 CV 101(AWT)
INTERNATIONAL, LLC,                   :
                                      :     December 8, 2004
                                      :
             Plaintiff,               :
                                      :
      -against-                       :
                                      :
NAVICON, S.A., AND TRANSPORTES        :
FERROVIARIOS ESPECIALES, S.A.,        :
                                      :
             Defendants.              :
------------------------------------------------------------------x

REPLY MEMORANDUM IN FURTHER SUPPORT OF TRANSPORTES FERROVIARIOS
ESPECIALES S.A.'S MOTION FOR A PROTECTIVE ORDER

PRELIMINARY STATEMENT

Defendant Transportes Ferroviarios Especiales S.A. ("Transfesa"), by its attorneys, Holland & Knight LLP, submits this memorandum of law in further support of its motion for a protective order pursuant to Fed. R. Civ. Pro. Rule 26(c)(1). Defendant moves this Court to grant a protective order to stay discovery in this matter pending a ruling on Transfesa's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction.

BACKGROUND

Transfesa respectfully refers the Court to Transfesa's Main and Reply Memoranda in Support of it Motion to Dismiss the Complaint, with the affidavits and pleadings filed in this action for a detailed description of the pertinent jurisdictional facts, which are incorporated herein by reference.[1]

---

[1] Transfesa's memorandum in support of its motion to dismiss hereinafter referred to as "Main Memo." Transfesa's reply memorandum in further support of the motion to dismiss hereinafter referred to as "Reply Memo."

<u>LEGAL ARGUMENT</u>

<u>POINT ONE</u>

<u>TRANSFESA WILL BE HARMED BY THE BURDEN AND EXPENSE OF RESPONDING TO PLAINTIFF'S UNWARRANTED JURISDICTIONAL DISCOVERY</u>

Contrary to the unsupported arguments in Plaintiff's Memorandum in Opposition to Transfesa's Motion for a Protective Order (hereinafter "Opposition Memo"), Transfesa has demonstrated that a "clearly defined and serious injury" will result from responding to Plaintiff's unwarranted jurisdictional discovery. Transfesa should not be subject to the substantial burden and expense of responding to Plaintiff's jurisdictional discovery before a determination is made that Plaintiff has met the threshold requirements for personal jurisdiction in this forum. The Second Circuit has held that it is within the discretion of the district court to deny jurisdictional discovery when a plaintiff's allegations fail to meet jurisdictional standards. <u>Jazini v. Nissan Motor Co.</u>, 148 F.3d 181,186 (2d Cir. 1998)("Since the Jazini's did not establish a prima facie case that the district court had jurisdiction over Nissan Japan, the district court did not err in denying discovery on that issue."). As plaintiff's conclusory "alter-ego" allegations fail to meet the jurisdictional standard in this Circuit set forth in <u>Jazini</u>, this Court should grant Transfesa's request for a protective order and stay discovery pending a ruling on the motion to dismiss.

Plaintiff's arguments in its Memorandum in Opposition to Transfesa's Motion for a Protective Order (hereinafter "Opposition Memo") are without merit. Plaintiff relies on <u>Rubin v. Hirschfeld</u>, No. 03-1657, 2001 U.S. Dist. Lexis 25761, *3, (D. Conn. Dec. 10, 2001), to advance its argument that Transfesa's motion for a stay of discovery is not legally sufficient. The issue in <u>Rubin</u> was the issuance of a protective order preventing the disclosure of confidential information, specifically tax documents and trust and estate matters. <u>Id.</u> at 4. It did not involve the jurisdictional standard for discovery over a non-resident corporation, like Transfesa, based on

boiler plate "alter-ego" allegations and no "minimum contacts" with the forum. Transfesa would be harmed by substantial burden and expense if forced to comply with jurisdictional discovery absent the necessary *prima facie* showing from Plaintiff to support jurisdiction in this forum over Transfesa. Plaintiff, on the other hand, has not shown that it will be harmed or prejudiced in any way by waiting to conduct jurisdictional discovery, if necessary, following a decision on the pending motion to dismiss.

Plaintiff's reliance on Moss v. Hollis, 1990 U.S. Dist. Lexis 13647 (D. Conn. 1990). is similarly misplaced. In that class action dispute, the Court permitted discovery to continue despite a pending Rule 12 (b)(6) motion to dismiss explaining that the Defendants did not "point out any glaring deficiencies, either substantively or jurisdictionally, in plaintiff's complaint that would subject it to dismissal." Id. at * 2. Here, Transfesa's motion is pursuant to Rule 12 (b)(2) for lack of personal jurisdiction, and is based on specific deficiencies in Plaintiff's Complaint. As Transfesa has demonstrated that it will be harmed by the burden and expense of unwarranted jurisdictional discovery, this Court should grant Transfesa's motion for a protective order.

POINT TWO

JURISDICTIONAL DISCOVERY IS INAPPROPRIATE HERE BECAUSE, AS SET FORTH IN TRANSFESA'S MOTION TO DISMISS, PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF JURISDICTION

In its Opposition Memorandum, Plaintiff has basically re-argued and restated its opposition to Transfesa's motion to dismiss for lack of personal jurisdiction. Plaintiff copied verbatim at pp.11 of its Opposition Memo large portions of text that appear in its Opposition to

Transfesa's Motion to Dismiss.[2] Transfesa refers the Court to its Main and Reply Memorandum in Support of the Motion to Dismiss the Complaint for a direct response to these points.

Plaintiff has failed to make the necessary *prima facie* showing in order to support assertion of personal jurisdiction over Transfesa. Plaintiff cites Jazini v. Nissan Motor Co., 148 F. 3d 181 (2d Cir. 1998) and Nunez, 2004 WL 227535 (D. Conn. July 21, 2004), as supporting case law. The Jazini decision is directly contrary to Plaintiff's position with respect to this Motion for a Protective Order, and on the merits of Transfesa's Motion to Dismiss. In Jazini, the Second Circuit affirmed a district court decision denying jurisdictional discovery over a parent corporation based upon the presence of a wholly-owned subsidiary. Id. at 185-86. In this case, Transfesa's was only a minority shareholder of Navicon, and had no independent contacts with Connecticut sufficient to permit long-arm jurisdiction.

Plaintiff's reliance on River Plate Corp. v. Forestal Land, Timber and Railway Co., Ltd., 185 F. Supp 832 (S.D.N.Y 1960) is misplaced. River Plate was an anti-trust action predicated upon violations of the Sherman, Clayton and Wilson Tariff Acts. Id. The defendants in River Plate were alleged to have conspired to monopolize "the trade and commerce in extracts used in the tanning of leather." Id. The district court's ruling was based on liberal approach to the question of jurisdiction in antitrust cases. Id. at 3. Plaintiff has no similar policy reasons to support jurisdictional discovery over a non-resident corporation like Transfesa before it has met the threshold requirements for personal jurisdiction.

---

[2] The bullet points contained in the Protective Order Reply Memo on pp. 4-5 are exactly the same as those contained on page 11 of Carlisle's Reply Memorandum in Opposition to Transfesa's Motion to Dismiss.

## CONCLUSION

Transfesa respectfully requests the Court to issue a protective order staying all discovery pending a decision on the Motion to Dismiss the Complaint for Lack of Personal Jurisdiction. Transfesa would be harmed if compelled to respond to discovery before a determination that Plaintiff has met is threshold burden to allege facts which would support either direct or "alter ego" personal jurisdiction over Transfesa. If this motion is not granted, Transfesa respectfully requests the Court to strictly limit discovery to jurisdictional issues, and to grant sufficient time, at least sixty days[3], to respond to any jurisdictional discovery permitted by this Court.

Dated: New York, N Y
      December 8, 2004

HOLLAND & KNIGHT LLP

_____
Vincent J. Foley
Federal Bar No. ct 17500
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007
Tel. (212) 513-3357
Fax. (212) 385-9010
vfoley@hklaw.com

---

[3] Transfesa respectfully requests additional time needed to corrrespond overseas with offices in Madrid, Spain and for translation of pleadings and other documents.

## CERTIFICATE OF SERVICE

This is to certify that the Reply Memorandum in Further Support of Transfesa's Motion for a Protective Order was mailed on this date to the following:

Manuel Llorca (ML 4034)
Bar No. ct 07921
Manuel Molina (MM 1017)
Bar No. ct 22142
SKOUFALOS, LLORCA & ZICCARDI
Clearwater House
2187 Atlantic Street
Stamford, CT 06902

Attorneys for Plaintiff
Container Leasing International LLC
d/b/a/ CARLISLE LEASING INTERNATIONAL LLC

Madeleine Grossman
Federal Bar No. ct 05987
Levett Rockwood P.C.
33 Riverside Avenue, Westport, CT 06880
Tel: (203) 222-0885   Fax: (203) 226-8025
Designated Counsel within the District of Connecticut
for Holland & Knight LLP

Joseph W. Martini, Esq.
Pepe & Hazard LLP
30 Jelliff lane
Southport, Connecticut 06890-1436
Tel. 203 319 4000
Fax : 203 259 0251
    -and-

Alan Heblack
Snitow, Kanfer Holtzer & Milius, LLP
575 Lexington Avenue
New York, NY 10022-6102
Attorneys for Navicon, S.A.

Date: December 8, 2004                    _Lee Aquino_