UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------x
CONTAINER LEASING INTERNATIONAL, LLC :
d/b/a CARLISLE LEASING :
INTERNATIONAL, LLC, :
: **ANSWER**
Plaintiff, :
:
-against- :
: 3:03 CV 101 (AWT)
NAVICON, S.A., and TRANSPORTES :
FERROVIARIOS ESPECIALES S.A., : April 21, 2006
:
Defendants. :
---------------------------------------------------------------------x

Defendant, Transportes Ferroviarios Especiales S.A. ("Transfesa"), through its attorneys, Holland & Knight LLP, answers the Complaint of plaintiff Container Leasing international, LLC d/b/a Carlisle Leasing International, LLC ("Carlisle"), and states upon information and belief as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 1 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint, except admit that Navicon is or was a corporation organized and existing under the laws of Spain.

3.  Denies the allegations contained in paragraph 3, except that Transfesa is a corporation organized under the laws of Spain, with a principal place of business and office located at Musgo 1, E-28023 Madrid, Spain.

4. To the extent that the allegations of paragraph 4 of the Complaint call for a legal conclusion, no response is required. To the extent a response in required, Transfesa denies the allegations of paragraph 4 of the Complaint.

## RELEVANT FACTS

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint, except to admit that a representative of Transfesa attended a meeting with representatives of *inter alia* Carlisle and Navicon, on January 29, 2002.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

### FIRST CAUSE OF ACTION FOR ACCOUNT STATED AGAINST DEFENDANTS NAVICON AND TRANSFESA

19. Transfesa realleges each of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 18 above.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint.

25. Denies the allegations of paragraph 25 of the Complaint, except to admit that Transfesa has refused to pay Carlisle any sum demanded and denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 concerning Navicon.

26. Denies the allegations of paragraph 26 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS NAVICON AND TRANSFESA

27. Transfesa realleges all of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 26 above.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

32. Denies the allegations in paragraph 32 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

### THIRD CAUSE OF ACTION FOR CONVERSION AGAINST DEFENDANTS NAVICON AND TRANSFESA

33. Transfesa realleges all of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 32 above.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint, except denies the allegations in paragraph 35 of the Complaint that said containers are in the possession of Transfesa.

36. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint, except to deny knowledge and information sufficient to form a belief as to the allegations concerning Navicon.

38. Denies the allegations in paragraph 38 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

### FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST DEFENDANTS NAVICON AND TRANSFESA

39. Transfesa realleges each of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 38 above.

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint, except to deny knowledge or information sufficient to form a belief as to Navicon.

42. Denies the allegations in paragraph 42 of the Complaint, except to deny knowledge or information sufficient to form a belief as to Navicon.

43. Denies the allegations in paragraph 43 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Navicon.

### FIFTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACT AGAINST DEFENDANT TRANSFESA

44. Transfesa realleges each of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 43 above.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

## SIXTH CAUSE OF ACTION FOR ABUSE OF PROCESS AGAINST DEFENDANT TRANSFESA

48. Transfesa realleges all of its admissions, denials, and denials of knowledge or information as set forth in paragraphs 1 through 47 above.

49. Denies the allegations in paragraph 49 of the Complaint.

50. To the extent the allegations contained in paragraph 50 call for a legal conclusion, no response is required. To the extent a response is required, Transfesa denies knowledge or information sufficient to form a belief as to the allegations in paragraph 50 of the Complaint.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

54. Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

55.   Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

56.   Plaintiff's Complaint fails to state a claim against Transfesa upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

57.   Plaintiff's claims set forth in the Complaint, which are denied, are not recoverable as Plaintiff has failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

58.   If Plaintiff has suffered any injury, which is denied, such injury was caused by acts or omissions of Plaintiff or parties other than Transfesa over which Transfesa has no control.

## SIXTH AFFIRMATIVE DEFENSE

59.   Plaintiff's claims set forth in the Complaint, which are denied, are presently subject to bankruptcy proceedings in Spain.

## SEVENTH AFFIRMATIVE DEFENSE

60.   Plaintiff's claims set forth in the Complaint, which are denied, are presently subject to suspension of payment proceedings in Spain.

### EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims set forth in the Complaint, which are denied, are presently subject to liquidation proceedings in Spain.

### NINTH AFFIRMATIVE DEFENSE

62. Tranfesa is not liable for any debts which may be proven to have been incurred by co-defendant Navicon. Transfesa has had, at all relevant times, its own independent corporate existence and has been at all times wholly separate from co-defendant Navicon and is not the alter-ego of Navicon.

### TENTH AFFIRMATIVE DEFENSE

63. Defendant hereby provides notice of the application of foreign law pursuant to Federal Rule of Civil Procedure 44.1 to some or all of the claims alleged against Transfesa that are, or may be governed by, Spanish law.

### ELEVENTH AFFIRMATIVE DEFENSE

64. The Complaint should be dismissed on the basis of *forum non conveniens*.

WHEREFORE, Defendant Transfesa respectfully requests the Court grant judgment dismissing the Complaint, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 21, 2006

                                      HOLLAND & KNIGHT LLP

                                      John A. Anduiza
                                      Federal Bar No. ct 24730
                                      Vincent J. Foley
                                      Federal Bar No. ct 17500
                                      195 Broadway
                                      New York, New York 10007
                                      Tel. (212) 513-3357
                                      Fax. (212) 385-9010
                                      Vincent.foley@hklaw.com

TO: Manuel Llorca (ML 4034)
Bar No. ct 07921
Llorca & Hahn LLP
444 Madison Avenue
27th Floor
New York, NY 10022
Attorney for Plaintiff
Container Leasing International LLC
d/b/a/ Carlisle Leasing International LLC

Madeleine Grossman
Federal Bar No. ct 05987
Levett Rockwood P.C.
33 Riverside Avenue
Westport, CT 06880
Tel: (203) 222-0885  Fax: (203) 226-8025
Designated Counsel within the District of Connecticut
for Holland & Knight LLP

Joseph W. Martini, Esq.
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436
Tel. (203) 319-4000
Fax. (203) 259-0251

-and-

Alan Heblack
Snitow, Kanfer Holtzer & Millus, LLP
575 Lexington Avenue
New York, NY 10022-6102
Attorneys for Navicon, S.A.

11