UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONTAINER LEASING INTERNATIONAL, LLC  :
d/b/a CARLISLE LEASING INTERNATIONAL,
LLC.,                                       :  Case No. 3:03 CV 101 (AWT)
                  Plaintiff,

                          :

    -against-                            **ANSWER**

                          :

NAVICON, S.A. and TRANSPORTES
FERROVIARIOS ESPECIALES, S.A.,            :

                   Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant, NAVICON, S.A. ("NAVICON") by its attorneys, Snitow Kanfer

Holtzer & Millus, LLP and Pepe & Hazard LLP, for its Answer to the Complaint of Plaintiff

Container Leasing International, LLC d/b/a Carlisle Leasing International, LLC ("Carlisle")

states, upon information and belief, as follows:

        1.      Denies having knowledge or information sufficient to form a belief as to

the truth of the statements and allegations contained in paragraph 1 of the Complaint.

        2.      Admits only that NAVICON is a corporation organized and existing

pursuant to the laws of Spain but except as so admitted denies the statements and allegations

contained in paragraph 2 of the Complaint.

        3.      Denies the statements and allegations contained in paragraph 3 of the

Complaint, except admits that TRANSFESA is a corporation organized and existing pursuant

JWM/32359/2/76964v1
05/02/06-SPT/

to the laws of Spain.

      4.     To the extent that the statements and allegations contained in paragraph 4 of the Complaint are legal conclusions, no response is required; if a response is required, NAVICON denies the statements and allegations and leaves all issues of jurisdiction and venue to this Court for determination.

      5.     Admits only that NAVICON and Carlisle entered into a certain written Lease Agreement as amended ("Lease") pursuant to which NAVICON leased containers from Carlisle and refers the Court to that Lease for its terms and conditions, and except as so admitted, denies the statements and allegations contained in paragraph 5 of the Complaint.

      6.     Admits only that a certain written addendum to the Lease was entered into between NAVICON and Carlisle and refers the Court to that Lease and addendum for its terms and conditions and further states that all containers have been returned by NAVICON to Carlisle and, except as so admitted and stated, denies the statements and allegations contained in paragraph 6 of the Complaint.

      7.     Admits only that a certain written addendum to the Lease was entered into between NAVICON and Carlisle and refers the Court to that Lease and addendum for its terms and conditions and further states that all containers have been returned by NAVICON to Carlisle and, except as so admitted and stated, denies the statements and allegations contained in paragraph 7 of the Complaint.

      8.     Admits only that a certain written addendum to the Lease was entered

2

into between NAVICON and Carlisle and refers the Court to that Lease and addendum for its terms and conditions and further states that all containers have been returned by NAVICON to Carlisle and, except as so admitted and stated, denies the statements and allegations contained in paragraph 8 of the Complaint.

9.    Admits only that a certain written addendum to the Lease was entered into between NAVICON and Carlisle and refers the Court to that Lease and addendum for its terms and conditions and further states that all containers have been  returned by NAVICON to Carlisle and, except as so admitted and stated, denies        the statements and allegations contained in paragraph 9 of the Complaint.

10.    Admits only that NAVICON filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a proceeding for the suspension of payments and, except as so admitted, denies the statements and allegations contained in paragraph 10 of the Complaint.

11.    Denies the statements and allegations contained in paragraph 11 of the Complaint and further states that NAVICON filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a proceeding for the suspension of payments and that all containers have been returned to Carlisle and admits only that Carlisle made certain demands upon NAVICON.

12.    Admits only that NAVICON filed a proceeding in the court sitting in Madrid, Spain for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a

3

JWM/32359/2/76964v1
05/02/06-SPT/

proceeding for the suspension of payments, and, except as so admitted, denies the statements and allegations contained in paragraph 12 of the Complaint.

13.     Denies the statements and allegations contained in paragraph 13 of the Complaint.

14.     Denies the statements and allegations contained in paragraph 14 of the Complaint.

15.     Admits only that representatives of NAVICON, TRANSFESA and Carlisle met in January 2002 and, except as so admitted, denies the statements and allegations contained in paragraph 15 of the Complaint.

16.     Denies the statements and allegations contained in paragraph 16 of the Complaint.

17.     Denies having knowledge or information sufficient to form a belief concerning the statements and allegations contained in paragraph 17 of the Complaint and further states that all containers have been returned to Carlisle.

18.     Denies the statements and allegations contained in paragraph 18 of the Complaint.

19.     NAVICON repeats each and every statement, denial, denial based upon insufficient knowledge and belief contained in paragraphs 1 through 18 as if set forth in detail here.

20.     Denies the statements and allegations contained in paragraph 20 of the

4

Complaint.

21.     Admits only that NAVICON entered into a Lease as amended with

Carlisle, and that the Lease as amended speaks for itself and further states that NAVICON

filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as

a suspension of payments proceeding, and, except as so admitted and stated, denies the

statements and allegations contained in paragraph 21 of the Complaint.

22.     Admits only that NAVICON entered into a Lease as amended with

Carlisle, and that the Lease as amended speaks for itself and further states that NAVICON

filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as

a suspension of payments proceeding, and, except as so admitted and stated, denies the

statements and allegations contained in paragraph 22 of the Complaint.

23.     Denies the statements and allegations contained in paragraph 23 of the

Complaint.

24.     Denies the statements and allegations contained in paragraph 24 of the

Complaint.

25.     Denies the statements and allegations contained in paragraph 25 of the

Complaint.

26.     Denies the statements and allegations contained in paragraph 26 of the

Complaint.

27.     NAVICON repeats each and every statement, denial, denial based upon

5

insufficient knowledge and belief contained in paragraphs 1 through 26 as if set forth in detail here.

28.    Denies the statements and allegations contained in paragraph 28 of the Complaint.

29.    Admits only that NAVICON entered into a Lease as amended with Carlisle, and that the Lease as amended speaks for itself and further states that NAVICON filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a suspension of payments proceeding, and, except as so admitted and stated, denies the statements and allegations contained in paragraph 29 of the Complaint.

30.    Admits only that NAVICON entered into a Lease as amended with Carlisle, and that the Lease as amended speaks for itself and further states that NAVICON filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a suspension of payments proceeding, and, except as so admitted and stated, denies the statements and allegations contained in paragraph 30 of the Complaint.

31.    Denies the statements and allegations contained in paragraph 31 of the Complaint.

32.    Denies the statements and allegations contained in paragraph 32 of the Complaint.

33.    NAVICON repeats each and every statement, denial, denial based upon insufficient knowledge and belief contained in paragraphs 1 through 32 as if set forth in detail

JWM/32359/2/76964v1
05/02/06-SPT/

here.

34.    Denies the statements and allegations contained in paragraph 34 of the Complaint.

35.    Denies the statements and allegations contained in paragraph 35 of the Complaint.

36.    Admits only that NAVICON entered into a Lease as amended with Carlisle, and that the Lease as amended speaks for itself and further states that NAVICON filed a proceeding for relief pursuant to the bankruptcy and liquidation laws of Spain as well as a suspension of payments proceeding, and, except as so admitted and stated, denies the statements and allegations contained in paragraph 36 of the Complaint.

37.    Denies the statements and allegations contained in paragraph 37 of the Complaint.

38.    Denies the statements and allegations contained in paragraph 38 of the Complaint.

39.    NAVICON repeats each and every statement, denial, denial based upon insufficient knowledge and belief contained in paragraphs 1 through 38 as if set forth in detail here.

40.    Denies the statements and allegations contained in paragraph 40 of the Complaint.

41.    Denies the statements and allegations contained in paragraph 41 of the

7

Complaint.

42.     Denies the statements and allegations contained in paragraph 42 of the

Complaint.

43.     Denies the statements and allegations contained in paragraph 43 of the

Complaint.

44.     NAVICON repeats each and every statement, denial, denial based upon

insufficient knowledge and belief contained in paragraphs 1 through 43 as if set forth in detail

here.

45.     As this claim is not asserted against NAVICON no response is required,

however, to the extent such response is deemed necessary, NAVICON denies having

knowledge or information concerning what TRANSFESA knew and denies the balance of the

statements and allegations contained in paragraph 45 of the Complaint.

46.     As this claim is not asserted against NAVICON no response is required,

however, to the extent that such response is deemed necessary, NAVICON denies the

statements and allegations contained in paragraph 46 of the Complaint and further states that all

containers have been returned to Carlisle.

47.     As this claim is not asserted against NAVICON no response is required,

however, to the extent that such response is deemed necessary, NAVICON denies the

statements and allegations contained in paragraph 47 of the Complaint and further states that all

containers have been returned to Carlisle.

JWM/32359/2/76964v1
05/02/06-SPT/

48.    NAVICON repeats each and every statement, denial, denial based upon insufficient knowledge and belief contained in paragraphs 1 through 47 as if set forth in detail here.

49.    As this claim is not asserted against NAVICON no response is required, however, to the extent that such response is deemed necessary, NAVICON denies the statements and allegations contained in paragraph 49 of the Complaint and further states that all containers have been returned to Carlisle.

50.    As this claim is not asserted against NAVICON no response is required, however, to the extent that such response is deemed necessary, NAVICON denies the statements and allegations contained in paragraph 50 of the Complaint and further states that all containers have been returned to Carlisle.

51.    As this claim is not asserted against NAVICON no response is required, however, to the extent that such response is deemed necessary, NAVICON denies the statements and allegations contained in paragraph 51 of the Complaint and further states that all containers have been returned to Carlisle.

52.    As this claim is not asserted against NAVICON no response is required, however, to the extent that such response is deemed necessary, NAVICON denies the statements and allegations contained in paragraph 52 of the Complaint and further states that all containers have been returned to Carlisle.

53.    As this claim is not asserted against NAVICON no response is required,

9

however, to the extent that such response is deemed necessary, NAVICON denies the

statements and allegations contained in paragraph 53 of the Complaint and further states that all

containers have been returned to Carlisle.

### FIRST AFFIRMATIVE DEFENSE

54.    The Complaint fails to state a claim against NAVICON.

### SECOND AFFIRMATIVE DEFENSE

55.    The claims of Carlisle in whole or in part were adjudicated in the

bankruptcy and liquidation and related proceedings, including a suspension of payments

proceeding, in Spain, and those rulings should be recognized and binding on Carlisle pursuant

to principles of comity.

### THIRD AFFIRMATIVE DEFENSE

56.    Carlisle has failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

57.    NAVICON gives notice pursuant to FRCP 44.1 that some or all of the

claims and defenses are governed and controlled by the laws of Spain.

WHEREFORE, Defendant NAVICON, S.A. demands judgment dismissing the

Complaint as against it.

10

Dated: Southport, Connecticut
     May 2, 2006

                     SNITOW KANFER
                     HOLTZNER & MILLUS, LLP
                     575 Lexington Avenue
                     14th Floor
                     New York, NY 10022
                     Phone: (212) 317-8500

                     and

By: _____
     Joseph W. Martini (ct07225)
     Pepe & Hazard LLP
     30 Jelliff Lane
     Southport, CT 06890
     Phone (203) 319-4000
     Fax (203) 259-0251
     jmartini@pepehazard.com

     **Attorneys for Defendant**
     **NAVICON, S.A.**

11

JWM/32359/2/76964v1
05/02/06-SPT/

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via Federal Express this 2nd

day of May, 2006, to the following parties:

Manuel Llorca, Esq.
Llorca & Hahn LLP
40 Richards Avenue, Box 2
Norwalk, Connecticut 06854
(203) 642-7321

Attorneys for Plaintiff
Carlisle Leasing International, LLC.

Juan A. Anduiza, Esq.
Holland + Knight LLP
195 Broadway
New York, New York 10007
(212) 513-3311

Attorneys for Defendant
Transportes Ferroviarios Especiales, S.A.

Joseph W. Martini

12